IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MISTY BLU STEWART, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 3:11-cv-0342<br>) JUDGE TRAUGER |
| vs. | )<br>) |
| CUS NASHVILLE, LLC, COYOTE UGLY SALOON DEVELOPMENT CORP., COYOTE UGLY ENTERTAINMENT, INC., and LILIANA LOVELL, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Come now Defendants CUS Nashville, LLC, Coyote Ugly Saloon Development Corp, Coyote Ugly Entertainment, Inc. and Liliana Lovell (the "Defendants"), through counsel, pursuant to Federal Rule of Civil Procedure 15, and file this Response in Opposition to Plaintiff's Motion to Amend her Complaint.

### A.  INTRODUCTION

Plaintiff is seeking to amend her complaint by adding additional defendants and by adding new claims of retaliation. It is well-settled that leave to amend complaints should be freely given; however, when an amendment would be futile, it is well within the trial court's discretion to deny the motion. The proposed amendments would be futile and thus the Defendants request that the Court deny the motion to amend.

{00795054.1 }

As to the new defendants, one of the essential elements of a claim under the Fair Labor Standards Act (FLSA) is that the defendant be an "employer". In the present case, Plaintiff has not alleged facts sufficient to establish that the proposed defendants are, in fact, employers under the FLSA. To the contrary, discovery shows that, under Sixth Circuit precedent, the individuals cannot be "employers."

As to the new retaliation claim, the Court has conditionally certified a collective action consisting of two specified classes. The claims of retaliation, on their face, are unique from the approved class and cannot be added to that group.

**B.    LAW AND ARGUMENT**

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings and provides that the court should freely give leave to amend pleadings "when justice so requires." However, in deciding whether to grant a motion to amend, the court should consider "the futility of the amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

**1. New Defendants**

Plaintiff has moved to amend her Complaint to add four regional managers and a corporate officer. Plaintiff's proposed amended complaint alleges the following:

> 5.    Defendant Daniel Huckaby is Regional Manager of Coyote Ugly Saloon, Austin, Texas, and acts directly or indirectly in the interest of CUSN, CUSDC and Coyote Ugly Austin.
>
> 6.    Defendant Michele Snyder is Regional Manager of Coyote Ugly Saloon, Austin, Texas, and acts directly or indirectly in the interest of CUSN, CUSDC and Coyote Ugly Austin.

7. Defendant Marsha Terrezas is Regional Manager of Coyote Ugly Saloon, San Antonio, Texas, and acts directly or indirectly in the interest of CUSN, CUSDC and Coyote Ugly San Antonio.

8. Defendant Tommy Buchheit is Regional Manager of Coyote Ugly Saloon, Austin, Texas, and acts directly or indirectly in the interest of CUSN, CUSDC and Coyote Ugly Austin.

9. Defendant Jeffrey Wiseman is Vice President, Secretary and Shareholder of CUSDC and has operational control and acts directly or indirectly in the interest of CUSDC and has operational control over the company.

20. While Plaintiffs worked for Defendants, Defendant Huckaby was an "employer" of Plaintiffs as defined by Section 203(d) of the FLSA.

21. While Plaintiffs worked for Defendants, Defendant Synder was an "employer" of Plaintiffs as defined by Section 203(d) of the FLSA.

22. While Plaintiffs worked for Defendants, Defendant Terrezas was an "employer" of Plaintiffs as defined by Section 203(d) of the FLSA.

23. While Plaintiffs worked for Defendants, Defendant Buchheit was an "employer" of Plaintiffs as defined by Section 203(d) of the FLSA.

24. While Plaintiffs worked for Defendants, Defendant Wiseman was an "employer" of Plaintiffs as defined by Section 203(d) of the FLSA.

(D.E. 99.1, Proposed Amended Complaint, ¶ 5-9 and ¶ 20 – 24).

To summarize the above paragraphs, Plaintiff is making two allegations regarding each manager. First, Plaintiff alleges that each regional manager "acts directly or indirectly in the

interest of [Coyote Ugly]." Second, Plaintiff alleges that each manager "was an 'employer' of Plaintiffs as defined by the FLSA". Plaintiff is really saying the same thing twice. Employers are defined in 29 U.S.C.A. § 203 to include "any person acting directly or indirectly in the interest of an employer." Plaintiff does not provide a single factual assertion in support of the legal conclusion that the individuals are "employers" because, as has already been shown in discovery, the managers cannot meet the Sixth Circuit's definition of that term. The managers are not officers or shareholders, nor do they hold a financial interest in the defendant entities. This information was provided to the Plaintiff through discovery on October 14, 2011. (Exh. 1). Specifically, Coyote Ugly Saloon Development Corp. ("CUS Development") responded, in response to Interrogatory 22 requesting identification of its employees, that Mr. Wiseman is General Counsel, and that the other four individuals the Plaintiff seeks to add are Regional Managers. In response to Interrogatory 25, the officers, directors and shareholders of CUS Development are identified. Mr. Wiseman is on that list but the other four are not. Mr. Wiseman, as a shareholder, could, in theory, meet the Sixth Circuit's definition of "employer" if he had a "significant ownership interest" in the company and truly had "operational control" but the Plaintiff has not made such assertions.

It is well-settled in the Sixth Circuit that, absent a significant ownership interest, management responsibilities alone do not make an individual an "employer" under the FLSA. "[A] plaintiff must plead and prove that the individual defendant: (1) was a 'corporate officer' of the covered employer; (2) held a 'significant ownership interest' in the covered employer; and (3) exercised 'operational control of significant aspects of the corporation's day to day functions.'" *Gonzalez v. HCA, Inc.*, 2011 WL 3793651 (M.D. Tenn. Aug. 25, 2011) (attached); *See also*, *Loyless v. Oliveira*, 1:09-CV-239, 2010 WL 3862883 (E.D. Tenn. Sept. 28, 2010)

("Even if Plaintiff's contentions are accepted as true and [Defendant] had a managerial role in some of the day-to-day operations, [he] has no economic interest or authority to determine salary necessary to be held individually liable for the alleged FLSA violations.") (attached); *Cowan v. Treetop Enterprises, Inc.*, 120 F. Supp. 2d 672, 696-97 (M.D. Tenn. 1999) ("Even if the Court accepts the plaintiffs' contention that Mr. Shaub has a leadership role in the day-to-day operation of Treetop, Mr. Shaub lacks the 'significant ownership interest' in Treetop to be liable for the alleged FLSA violations.).

The proposed amended complaint is futile because it does not and cannot allege a "significant ownership interest" for any of the proposed additional parties. The mangers have no ownership interest at all. The general counsel holds shares but there is no suggestion that his interest is "significant" nor are there facts to support the claim that he exercises "operational control" of the subject business. Thus, the amendment would serve only to prolong this case and hamper its efficient resolution.

**2. Retaliation Claims**

Plaintiff claims, for the first time, that she and two other individuals (Thomas and Stone) suffered illegal retaliation. The allegations are:

> 64. Defendants posted the above statements to embarrass and humiliate Plaintiff Stewart and in retaliation for filing the instant lawsuit.
>
> 69. Defendants terminated Plaintiff Thomas in retaliation for inquiring about the Court-supervised Notice.
>
> 76. Defendants posted the above statements to embarrass and humiliate Plaintiff Stone and in retaliation for filing the instant lawsuit.

(D.E. 99.1, Proposed Amended Complaint, ¶ 64, 69, 76).

As an initial matter, the objection regarding futility is applicable to Plaintiff Stewart's retaliation claim because she acknowledges, in her recitation of the factual support for her claim, that she was no longer working for the Defendants when the subject posting was purportedly made. In paragraph 60 of the proposed amended complaint it references the fact she had previously been terminated. (D.E. 99.1, Proposed Amended Complaint, ¶ 60). The basis of her retaliation claim is not her termination, but rather negative comments that were made about her post-termination. Thus, she cannot possibly claim retaliation as the applicable provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215, specifically references retaliatory actions against an *employee* which, by her own admission, Stewart was not at the time the alleged posting was made.[1]

Additionally Stewart's retaliation claim, as well as those of Plaintiffs Stone and Thomas, are entirely separate and distinct from the claims of the more than fifty individuals who are members of the conditionally certified classes. The FLSA provides that a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). As noted in the Court's order dated February 13, 2012, the Sixth Circuit has held that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." (D.E. 55, pg. 5, *citing, O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 585 (6th Cir. 2009)). Since the retaliation claims are unique to the three individuals mentioned, the remaining members cannot "suffer from a single, FLSA-violating policy."

---

[1] The term "employee" is defined in the FLSA as "any individual employed by an employer" at 29 U.S.C. § 203(e) used in the present, not past, tense.

The Court also noted in its February 12th order that, at the first stage, the plaintiff bears the burden of showing that employees in the class are similarly situated. *Shabazz v. Asurion Ins. Serv.*, 2008 WL 1730318, at *3 (M.D.Tenn. Apr. 10, 2008) (attached). Any attempt by Plaintiff to meet this burden will be futile as the proposed amended complaint does not even suggest that any individual members of the class, other than the three named, suffered from retaliation. Plaintiff should not be permitted to add time and expense to an already drawn-out process by adding futile claims.

## C. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Amend Complaint.

Respectfully Submitted:

**BONE McALLESTER NORTON PLLC**

/s/ Anne C Martin
ANNE C. MARTIN
MARSHALL T. COOK
511 Union Street
Suite 1600
Nashville, TN 37219
(615) 238-6300 phone
(615) 238-6301 facsimile
*Attorneys for Defendants CUS Nashville, LLC, Coyote Ugly Saloon Development Corp., Coyote Ugly Entertainment, Inc. and Liliana Lovell*

# CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2012, a true and exact copy of the foregoing has been served electronically by the Court's ECF system to:

Randall W. Burton
144 Second Avenue, North
Suite 212
Nashville, TN 37201
randallwburton@gmail.com

Stephen W. Grace
1019 16th Avenue South
Nashville, Tennessee 37212
sgrace@sgracelaw.com

*Attorneys for Plaintiff*

/s/ Anne C. Martin