IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MISTY BLU STEWART, on behalf ) | |
| of herself and all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-0342 |
| ) | Judge Trauger |
| CUS NASHVILLE, LLC, COYOTE UGLY ) | |
| SALOON DEVELOPMENT CORP., ) | |
| COYOTE UGLY ENTERTAINMENT, INC., ) | |
| and LILIANA LOVELL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Plaintiff's Motion to Amend Complaint (Docket No. 99), to which the defendants have filed a response (Docket No. 100). For the reasons discussed herein, the plaintiff's motion will be granted in part and denied in part.

## BACKGROUND

On April 7, 2011, the plaintiff, a former bartender employed at the Coyote Ugly Saloon in Nashville, Tennessee, brought this federal wage and hour suit on behalf of herself and other similarly situated current and former employees, alleging Fair Labor Standards Act ("FLSA") claims arising out of Coyote Ugly's alleged operation of an illegal tip pool and its failure to compensate its employees for work performed off-the-clock and during overtime hours.[1] As

---

[1] For a more thorough recitation of the factual background, the reader is directed to the court's prior Memorandum Opinions in this case located at Docket Nos. 19 and 55.

1

defendants, the plaintiff named (1) CUS Nashville, LLC ("CUSN"), a Tennessee LLC that does business as Coyote Ugly Saloon in Nashville, Tennessee, (2) Coyote Ugly Saloon Development Corp. ("CUSDC") and Coyote Ugly Entertainment, Inc. ("CUEI"), Delaware corporations that, the plaintiff alleges, own and operate the "chain of bars operating under the trade name 'Coyote Ugly Saloon,'" including the Nashville location, and (3) Liliana Lovell, a Louisiana resident who allegedly "has operational control" over CUSN, CUSDC, and CUEI as Chief Executive Officer. (Docket No. 1, at 1-2.) On February 13, 2012, the court issued a Memorandum Opinion which, among other things, conditionally certified a collective action consisting of the following two classes:

> 1. All current and former employees who worked as bartenders, barbacks, or waitresses at any company-owned Coyote Ugly saloon at any time within the last three years who were required to contribute their tips to a "tip pool" in which security guards also participated; and
>
> 2. All current and former employees who worked as bartenders at the company-owned Coyote Ugly saloon in Nashville, Tennessee at any time within the last three years who performed uncompensated off-the-clock and overtime work.

(Docket No. 55, at 14.) Following the court's February 13, 2012 decision, an agreed notice form was sent to potential opt-in plaintiffs and written consents were filed with the court.

The plaintiff filed the present motion on July 31, 2012. (Docket No. 99). Specifically, she seeks to name additional defendants to this action based on information learned in discovery, add a retaliation claim applicable to herself and two other opt-in plaintiffs, and clarify the factual allegations of the original Complaint. (Docket No. 99, at 2.) The plaintiff attached her proposed Amended Complaint as an exhibit to the pending motion. (Docket No. 99, Ex. 1.) The

2

defendants oppose the plaintiff's requested relief, arguing that the proposed amendments would be futile. (Docket No. 100, at 1.)

## ANALYSIS

### I. Motion to Amend - Legal Standard

In general, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "[a] motion for leave to amend may be denied for futility if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(internal quotation marks omitted). Accordingly, the court must examine the factual allegations of the proposed Amended Complaint under the prevailing motion to dismiss standard.

In deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506,

3

511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

## II. The Plaintiff's Motion

The defendants contend that the plaintiff's proposed amendments are futile for two reasons. First, they assert that the plaintiff has failed to allege sufficient facts to establish that the proposed defendants could be held liable as "employers" under the FLSA. (Docket No. 100, at 2.) Second, they contend that the proposed retaliation claims are futile because plaintiff Stewart was not employed by the defendants at the time of the alleged retaliatory activity and that the claims, if added, will destroy the requisite similarity for the case to proceed as a collective action. (*Id.* at 6.) The court will address each of these contentions in turn.

### A. Has the Plaintiff Alleged Sufficient Facts to Establish that the Proposed Defendants are "Employers" under the FLSA?

Under the FLSA, an "employer" is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Sixth Circuit has previously observed that "'[t]he remedial purposes of the FLSA require the

4

courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (quoting *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989) (per curiam)). In determining whether a party is an employer, courts examine the "'economic reality' of the relationship between a plaintiff and a defendant." *Ellington v. City of E. Cleveland*, -- F.3d --, No. 11-3700, 2012 WL 3156135, at *5 (6th Cir. Aug. 6, 2012). The "economic reality" standard, however, is not amenable to formulaic application, but instead compels a case-by-case approach that considers the circumstances surrounding the entirety of the business activity at issue. *Id.* Factors relevant to this inquiry "may include whether the plaintiff is an integral part of the operations of the putative employer . . .; the extent of the plaintiff's economic dependence on the defendant . . .; the defendant's substantial control of the terms and conditions of the work of the plaintiff . . .; the defendant's authority to hire or fire the plaintiff . . .; and whether the defendant maintains the plaintiff's employment records and establishes the rate and method of payment[.]" *Id.* (internal citations and quotation marks omitted). However, because the "economic realities" test necessarily requires a case-by-case approach, the aforementioned factors are not exhaustive and no single factor is dispositive. *Id.*

In the instant case, the plaintiff proposes to add five individuals as defendants. According to the plaintiff, four of these individuals - Daniel Huckaby, Michele Snyder, Marsha Terrezas, and Tommy Buchheit - are Regional Managers of Coyote Ugly Saloons located in

5

Austin and San Antonio, Texas.[2] (Docket No. 99, Ex. 1 ¶¶ 5-8.) The fifth individual, Jeffrey Wiseman, is alleged to be the Vice President, Secretary, and a Shareholder of CUSDC. (*Id.* ¶ 9.)

In opposing the plaintiff's motion, the defendants contend that, apart from offering legal conclusions concerning the aforementioned individuals, the plaintiff has failed to allege any supporting factual details. (Docket No. 100, at 4.) The court agrees. Indeed, although the plaintiff alleges that all four of the Regional Managers are employers under the FLSA and "[act] directly or indirectly in the interest of CUSN, CUSDC and Coyote Ugly Austin" or San Antonio, she fails to provide any specific factual content concerning the nature of their employment responsibilities and authority. (Docket No. 99, Ex. 1 ¶¶ 5-8, 20-23.) Similarly, while the plaintiff alleges that Mr. Wiseman is an employer under the Act who maintained operational control over CUSDC and acted directly or indirectly in its interest, she offers no specific details regarding the amount of Mr. Wiseman's ownership interest, his management responsibilities, or his authority. (*Id.* ¶¶ 9, 24); *See Dole*, 942 F.2d at 965-66 (noting that a corporate officer having operational control over "a corporation's covered enterprise is an employer," and finding that the chief corporate officer of the defendant corporation, who possessed a significant ownership interest and control over significant aspects of its day-to-day functions, including setting employee salaries, possessed the requisite operational control to render him an employer for FLSA purposes). Without such information, the court fails to see how the plaintiff can meet the fact-intensive "economic realities" test.

---

[2] Specifically, Huckaby, Snyder, and Buchheit are Regional Managers of the Coyote Ugly Saloon in Austin, while Terrezas is a Regional Manger of the San Antonio saloon.

6

Accordingly, the plaintiff's motion to amend her Complaint to add five new defendants will be denied. Nonetheless, this denial will be without prejudice. In her motion, the plaintiff's stated basis for adding these particular defendants was that she learned of their identity in discovery. To the extent the discovery process has provided the plaintiff with factual information concerning the scope of these individuals' management responsibilities, authority, and ownership interests, the plaintiff may seek leave to file an Amended Complaint containing such information.

> **B.  Are the Proposed Retaliation Claims Futile?**

The plaintiff also seeks to amend her Complaint to add retaliation claims. In her proposed Amended Complaint, the plaintiff alleges that she and two other opt-in plaintiffs - Samantha Thomas and Sarah Stone - were retaliated against for engaging in activities protected by the FLSA. Specifically, the plaintiff alleges that, on approximately May 11, 2011, after she had already filed the instant suit, defendant Liliana Lovell posted an entry on a blog maintained on the Coyote Ugly website, stating that this case was "coming from someone we terminated for theft" and that "my thoughts are f**k that b**ch." (Docket No. 99, Ex. 1 ¶ 60.) The proposed Amended Complaint also alleges that opt-in plaintiff Thomas was terminated without cause shortly after asking a manager at the San Antonio Coyote Ugly Saloon about the court-supervised notice form sent to members of the putative class. (*Id.* ¶¶ 66-67.) As for opt-in plaintiff Stone, the proposed Amended Complaint alleges that, after she joined the present suit, Daniel Huckaby posted the following derogatory comments about her on the company's website: "please don't let me kill the girl that is suing me" and "why does everyone sue? I'm tired of all

7

Case 3:11-cv-00342   Document 103   Filed 09/13/12   Page 7 of 11 PageID #: 1294

these b**ches taking their issues out on our company! They're f**king idiots!" (*Id.* ¶¶ 71-76.) The proposed Amended Complaint further alleges that, as a result of these statements, Stone was constructively discharged from her employment. (*Id.* ¶ 78.)

In arguing that these proposed amendments are futile, the defendants make two contentions. First, they note that, because the plaintiff's retaliation allegations reference the fact that she was no longer employed by the defendants when the alleged retaliatory activity took place, she cannot assert an actionable FLSA retaliation claim. (Docket No. 100, at 6.) Next, they assert that the proposed retaliation claims are futile because, if added, they would no longer render Stewart, Thomas, and Stone similarly situated to the remaining opt-in plaintiffs. (*Id.*)

The court agrees with the defendants' first contention. The FLSA prohibits any person from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this [Act][.]"[3] 29 U.S.C. § 215(a)(3). However, as the defendants note, plaintiff Stewart's retaliation allegations expressly indicate that defendant Lovell's alleged retaliatory activity took place after she was already terminated from her employment. Plaintiff Stewart has failed to dispute the defendants' assertion by way of a reply brief or otherwise.[4] Because the

---

[3] Under the FLSA, an "employee" is defined as, subject to certain exceptions not applicable here, "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

[4] Indeed, Stewart herself previously filed a sworn declaration in this case stating that her employment with the defendants ended in December 2009 (Docket No. 34 ¶ 2), which was well before the dates this action commenced and the alleged retaliatory activity took place. The court thus takes judicial notice of the fact that plaintiff Stewart was not employed by the defendants at the time Lovell's alleged retaliatory act took place. *See Passa v. City of Columbus*, 123 F'Appx. 694, 697 (6th Cir. 2005) ("[I]n order to preserve a party's right to a fair hearing, a court, on a motion to dismiss, must only take judicial notice of facts which are not subject to reasonable

plaintiff was not an employee at the time the alleged retaliatory activity occurred, her motion to add a retaliation claim will be denied.

The defendants' second contention, however, is without merit. In asserting that the addition of Thomas and Stone's retaliation claims will destroy the requisite similarity for this suit to proceed as a collective action, the defendants cite the following statement from the Sixth Circuit's decision in *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 585 (6th Cir. 2009): "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." (Docket No. 100, at 6.) The defendants posit that, because the retaliation claims are unique to Thomas and Stone, the remaining members of their nationwide conditional class cannot "suffer from a single, FLSA-violating policy." (*Id.*) The court disagrees.

In its prior Memorandum Decision granting the plaintiff's motion for nationwide notice with respect to the tip pooling claim, the court noted the following:

> The defendants concede that Coyote Ugly has a company-wide policy at all of its company-owned saloons that requires its non-salaried employees receiving tips to contribute those tips into a tip pool. The plaintiff, a former Coyote Ugly bartender who was subject to this policy, alleges that it violates the FLSA, because it requires all tipped employees at company-owned saloons to share their tips with non-tipped personnel, namely, security guards. By identifying an alleged FLSA-violating policy that affected not only herself, but also all other tipped employees at Coyote Ugly's company-owned saloons, the plaintiff has made the modest factual showing required to support conditional certification. *See O'Brien*, 575 F.3d at 585.

dispute.")

(Docket No. 55, at 10.) The addition of retaliation claims pertaining to two opt-in plaintiffs from a nationwide conditional class of over fifty members does not alter the state of affairs described in the preceding paragraph. Indeed, contrary to the defendants' suggestions otherwise, the addition of the retaliation claims has no bearing on whether each of the conditional class members was subject to the alleged FLSA-violating tip-pool policy at issue here. Accordingly, the court will grant the plaintiff's motion to add retaliation claims involving the two opt-in plaintiffs.[5]

## CONCLUSION

For all of the reasons discussed herein, the plaintiff's Motion to Amend Complaint (Docket No. 99) is **GRANTED** in part and **DENIED** in part. The plaintiff's motion is **GRANTED** to the extent that it seeks to: (1) add retaliation claims pertaining to opt-in plaintiffs Samantha Thomas and Sarah Stone; and (2) further clarify certain factual information contained in the original Complaint. The motion is **DENIED** to the extent that it seeks to name as defendants Daniel Huckaby, Michele Snyder, Marsha Terrezas, Tommy Buchheit, and Jeffrey Wiseman. However, this denial will be without prejudice. The plaintiff's motion to add her own retaliation claim is also **DENIED**. The plaintiff shall, within ten days of the date of this Memorandum and Order, file an Amended Complaint conforming to the rulings made herein.

It is so ordered.

---

[5] The defendants also failed to oppose the plaintiff's motion to the extent that it sought to further clarify certain factual information contained in the original Complaint. Accordingly, this aspect of the plaintiff's motion will also be granted.

Enter this 13th day of September 2012.

_____
ALETA A. TRAUGER
United States District Judge